UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL CONGDON,

        Plaintiff,

v.                                                    Case No.  8:19-cv-274-T-SPF

ANDREW M. SAUL,
Commissioner of the Social
Security Administration,

        Defendant.
_____/

## ORDER

Plaintiff seeks judicial review of the denial of his claim for disability insurance benefits ("DIB").  As the Administrative Law Judge's ("ALJ") decision was not based on substantial evidence and failed to employ proper legal standards, the Commissioner's decision is reversed and remanded.

### I.  Procedural Background

Plaintiff filed an application for a period of disability and DIB (Tr. 183–86).  The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 115–34).  Plaintiff then requested an administrative hearing (Tr. 146–47).  Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 35–74).  Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 15–30).  Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied

(Tr. 1–6).  Plaintiff then timely filed a complaint with this Court (Doc. 1).  The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## II.    Factual Background and the ALJ's Decision

Plaintiff, who was born in 1979, claimed disability beginning December 1, 2014 (Tr. 185).  Plaintiff obtained a high school education and is currently enrolled in his third year of college (Tr. 39).  Plaintiff's past relevant work experience included work as a military recruiting instructor (Tr. 41).   Plaintiff alleged disability due to ankle reconstruction surgery, bipolar disorder, insomnia, PTSD, lower back pain, back complications, right shoulder surgery, left ankle reconstruction, left knee surgery, and concussion (Tr. 104).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through September 30, 2020 and had not engaged in substantial gainful activity since December 1, 2014, the alleged onset date (Tr. 17, 18).  After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: left ankle degenerative joint disease (DJD), status-post Bronström repair; DJD of the left knee; status-post left meniscus and anterior cruciate ligament repair; status-post left shoulder acromioclavicular repair and arthroscopy; asthma; bipolar disorder; major depressive disorder; and generalized anxiety disorder (Tr. 18).  Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 19).  The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to

perform sedentary work with the following limitations: Plaintiff requires a sit/stand option allowing him to alternate briefly between a sitting and standing position at a 30 to 60 minute intervals; Plaintiff can frequently push and pull with the bilateral upper extremities and can occasionally operate foot controls with the left lower extremity; Plaintiff can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl, but can never climb ladders, ropes or scaffolds (Tr. 21). Plaintiff can occasionally reach overhead bilaterally, can frequently reach in all other directions bilaterally, and can frequently handle, finger, and feel bilaterally. Plaintiff requires the use of a handheld assistive device for prolonged ambulation and ambulation across uneven terrain. *Id.* Plaintiff must avoid concentrated exposure to extreme temperatures, excessive vibration, and irritants, such as fumes, odors, dust, gases, and poorly ventilated areas; Plaintiff must avoid all exposure to hazardous machinery and unprotected heights. *Id.* Plaintiff is limited to simple, routine, repetitive tasks in a low stress job with only occasional decision making, occasional changes in the work setting, and no production rate or pace work; and Plaintiff is limited to only occasional in-person interaction with the public and coworkers. *Id.*

In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of the alleged symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 22). Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could not perform past

relevant work (Tr. 28). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a charge account clerk, a food and beverage order clerk, a call-out operator, and an ampule sealer (Tr. 29). The ALJ found Plaintiff not disabled based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE (Tr. 30).

### III.    Legal Standard

To be entitled to benefits, a claimant must be disabled, meaning he must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration ("SSA"), in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits his ability to perform work-related

functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his past relevant work. If the claimant cannot perform the tasks required of his prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the

proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

### IV.    Analysis

Plaintiff raises two issues on appeal: (1) whether the ALJ gave an adequate explanation for rejecting Plaintiff's Department of Veterans Affairs' ("VA") disability rating; and (2) whether there is an unresolved conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT"). For the reasons that follow, the ALJ failed to apply the correct legal standards and the ALJ's decision is not supported by substantial evidence.

### A.    Whether the ALJ gave an adequate explanation for rejecting the Plaintiff's VA disability rating

Plaintiff first argues that the ALJ failed to adequately explain his decision to give the 100% service-connected VA disability rating no weight. The Commissioner counters that the ALJ properly considered the VA's decision and substantial evidence supports the ALJ's decision. Additionally, the Commissioner argues that any oversight by the ALJ in not further discussing the VA's rating decision was harmless.

A decision by any other governmental agency about whether a claimant is disabled is not binding on the SSA. 20 C.F.R. § 404.1504. Although such decisions are not binding on the ALJ, VA disability ratings should be considered and given great weight. *See Ostborg v. Comm'r of Soc. Sec.*, 610 F. App'x 907, 914 (11th Cir. 2015) ("A VA rating, while not binding on the SSA, is evidence that should be considered and is entitled to great weight")

(citation omitted); *Boyette v. Comm'r of Soc. Sec.*, 605 F. App'x 777, 779 (11th Cir. 2015) (noting that VA disability ratings are not binding on the ALJ, but the VA ratings should be considered and given great weight). Notably, "it is legal error to superficially reject a VA disability rating and not address it on its merits because of its differing, more lenient, and non-binding standards." *Weltz v. Berryhill*, No. 8:17-CV-2860-T-AEP, 2018 WL 6716090, at *3 (M.D. Fla. Dec. 21, 2018); *Williams v. Berryhill*, No. 8:17-CV-64-T-30AEP, 2018 WL 1321275, at *3 (M.D. Fla. Feb. 26, 2018); *Alvarez v. Comm'r of Soc. Sec.*, No. 2:15-CV-363-FtM-MRM, 2016 WL 4651373, at *4–5 (M.D. Fla. Sept. 7, 2016). When there is a 100% VA disability rating, "the ALJ must seriously consider and closely scrutinize the VA's disability determination and must give specific reasons if the ALJ discounts that determination." *Beshia v. Comm'r of Soc. Sec.*, 328 F. Supp. 3d 1341, 1346–47 (M.D. Fla. 2018) (citing *Brown-Gaudet-Evans v. Comm'r of Soc. Sec.*, 673 F. App'x 902, 904 (11th Cir. 2016)).

On July 3, 2017, the VA granted Plaintiff a 100% disability rating due to bipolar disorder, generalized anxiety disorder, painful motion of his left knee, and plantar fasciitis (Tr. 591, 607). In reaching his disability determination, the ALJ acknowledged the VA's disability rating, but gave it no weight on the basis that the VA "follow[s] different rules and standards in determining disability," and those determinations are not binding on the Commissioner (Tr. 26–27). The ALJ's brief explanation is superficial and therefore inadequate. *See Wood v. Colvin*, 2017 WL 379473, at *3 (M.D. Fla. Jan. 6, 2017) (finding an ALJ inadequately addressed the Plaintiff's VA disability rating where his brief explanation did not give specific reasons for discounting it); *Burch–Mack v. Comm'r of Soc.*

*Sec.*, 8:15–cv–1167–T–JSS, 2016 WL 4087477, at *4 (M.D. Fla. Aug. 2, 2016) (concluding that ALJ "superficially considered the VA's disability rating and did not engage in meaningful review of the VA's disability determination"); *Gibson v. Comm'r of Soc. Sec.*, 725 F. Supp. 2d 1347, 1351 (M.D. Fla. 2010) (determining ALJ erred by rejecting VA's disability rating because the criteria differ from the Commissioner's "without any true analysis of the basis for the VA rating").

The ALJ's error in inadequately explaining the reasons to reject Plaintiff's VA disability rating, however, is harmless. *See Cooper v. Astrue*, 373 F. App'x 961, 962 (11th Cir. 2010) (stating that an error may be harmless when it does not prejudice a claimant). In reaching his RFC determination, the ALJ discussed various medical notes from the Department of Veteran's Affairs, the Pasco VA Clinic, and other medical sources addressing the same impairments assessed in the VA's disability determination, *i.e.* Plaintiff's bipolar disorder and problems with his left ankle and knee (*see* Tr. 22–27 citing to Exhibits 2F, 3F, 6F, and 7F).[1] Ultimately, the ALJ concluded that Plaintiff was capable of performing sedentary work with certain mental and exertional limitations, despite his impairments (Tr. 21). Because the medical records from the VA were considered by the ALJ in reaching his RFC determination, and Plaintiff does not challenge the ALJ's RFC determination, the Court concludes that the ALJ's decision to disregard the VA's disability rating was harmless. *See Sanchez v. Comm'r of Soc. Sec.*, 507 F. App'x 855, 856 (11th Cir. 2013) (declining to remand "when doing so would be a wasteful corrective

---

[1] Exhibits 2F, 3F, 6F, and 7F contain all of Plaintiff's medical records from the VA.

exercise in light of the evidence of record and when no further findings could be made that would alter the ALJ's decision").

**B.    Whether there is unresolved conflict between the VE's testimony and the DOT**

Plaintiff also argues there is an unresolved conflict between the VE's testimony and the DOT, which the ALJ failed to identify and resolve.  Specifically, Plaintiff claims that despite being limited to performing jobs involving simple, routine, and repetitive tasks; all four of the jobs identified by the VE, and relied on by the ALJ in reaching his disability determination, required the ability to understand and carry out "detailed but uninvolved" instructions.  Plaintiff contends that because the ALJ failed to identify and resolve this conflict, the ALJ's decision was not based on substantial evidence. The Commissioner counters that the ALJ properly relied on the VE's testimony to find that Plaintiff could perform other work.  The Court disagrees with the Commissioner.

At step five, the Commissioner must consider the assessment of the RFC combined with the claimant's age, education, and work experience to determine whether the claimant can adjust to other work.  *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can adjust to other work, a finding of not disabled is warranted.  *Phillips*, 357 F.3d at 1239.  Conversely, if the claimant cannot adjust to other work, a finding of disabled is warranted.  *Id.*  At this step, the burden temporarily shifts to the Commissioner to show other jobs exist in significant numbers in the national economy which, given the claimant's impairments, the claimant can perform. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) (citation omitted); *see Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995).  In making such determination, "the

ALJ can consider both jobs data drawn from the DOT as well as from the testimony of the VE." *Washington v. Commr. of Soc. Sec.*, 906 F.3d 1353, 1360 (11th Cir. 2018). Occasionally, apparent conflicts between the DOT's jobs data and the VE's testimony may arise. In those situations, the ALJ must identify the apparent conflicts and resolve them. *Id.* According to the Eleventh Circuit, this duty requires that the ALJ do more than "simply asking the VE whether his testimony is consistent with the DOT. Once the conflict has been identified . . . the ALJ [must] offer a reasonable explanation for the discrepancy, and detail in his decision how he has resolved the conflict." *Id.* at 1356. "[F]ailure to discharge this duty means that the ALJ's decision, when based on the contradicted VE testimony, is not supported by substantial evidence." *Id.*

During the hearing, the ALJ asked the VE to assume that a hypothetical individual, in this case Plaintiff, had the RFC to perform sedentary work with various limitations, including work that was "limited to simple, routine, repetitive task[s]" (Tr. 64). Based on the Plaintiff's age, education, and experience the VE concluded that while he could not perform his previous job, Plaintiff was able to perform the jobs of a charge account clerk, a food and beverage order clerk, a call-out operator, and an ampoule sealer (Tr. 67–68). The DOT describes the position of a charge account clerk, a food and beverage order clerk, and a call-out operator as requiring a reasoning level of three. DOT 205.367-014; DOT 209.567-014; DOT 237.367-014. The DOT describes the position of an ampoule sealer as requiring a reasoning level of two. DOT 559.687-014. An applicant with a reasoning level of one can "carry out simple one-or-two-step instructions" in "standardized situations with occasional or no variables in or from these situations encountered on the job." DOT,

App. C.  An applicant with a reasoning level of two can "carry out detailed but uninvolved written or oral instructions" in situations "involving a few concrete variables in or from standardized situations." *Id.* An applicant with a reasoning level of three can "carry out instruction in written, oral, or diagrammatic form" in situations "involving several concrete variables in or from standardized situations." *Id.*

The Court finds "apparent conflict" between the ability to carry out simple instructions and a job with a reasoning level of two, which requires the ability to deal with "detailed" instructions, even if they are "uninvolved." *See Saffioti v. Commr. of Soc. Sec.*, No. 2:17-CV-143-FTM-29CM, 2019 WL 1513354, at *3 (M.D. Fla. Apr. 8, 2019) (finding an apparent conflict between the DOT and the VE's testimony that a plaintiff could perform jobs requiring him to carry out "detailed" and "uninvolved" instructions, when the plaintiff has been limited to perform "simple and routine tasks"); *Langway v. Berryhill*, No. 8:18-CV-549-T-30CPT, 2019 WL 918958, at *4 (M.D. Fla. Feb. 8, 2019) (finding an apparent conflict between the ability to perform the job of a packer, which requires a reasoning level of two, and the plaintiff's limitation to understanding, remembering, and carrying out simple instructions); *Akins v. Comm'r of Soc. Sec.*, 2009 WL 2913538, at *5 (M.D. Fla. Sept. 10, 2009) (questioning whether a plaintiff limited to simple repetitive tasks could perform work at a reasoning level two or higher); and *McLain v. Astrue*, 8:06-CV-2156-T-TBM, 2008 WL 616094, at *6 (M.D. Fla. Mar. 3, 2008) (finding an apparent conflict between jobs with a reasoning level of two and the hypothetical posed to the VE limiting Plaintiff to perform simple, repetitive tasks).

Likewise, the Court also finds "apparent conflict" between the ability to carry out simple instructions and a job with a reasoning level of three, which requires the ability to carry out instructions in "diagrammatic form", in which several concrete variables deviate from the standardized situation. *See Langway v. Berryhill*, No. 8:18-CV-549-T-30CPT, 2019 WL 918958, at *4 (M.D. Fla. Feb. 8, 2019) (finding an apparent conflict between the ability to perform the job of a mailroom clerk, which requires a reasoning level of three, and the plaintiff's limitation to understanding, remembering, and carrying out simple instructions); *Akins v. Comm'r of Soc. Sec.*, 2009 WL 2913538, at *5 (M.D. Fla. Sept. 10, 2009) (questioning whether a plaintiff limited to simple repetitive tasks could perform work at a reasoning level three); *Leonard v. Astrue*, 487 F. Supp. 2d 1333, 1339-40 (M.D. Fla. 2007) (rejecting recommendation to affirm Commissioner's decision where ALJ failed to acknowledge apparent conflict between VE testimony that plaintiff could perform work with reasoning level three and RFC limitation to simple, routine, and repetitive tasks); and *Estrada v. Barnhart*, 417 F. Supp. 2d 1299, 1303-04 (M.D. Fla. 2006) (concluding that remand for resolution of apparent unresolved conflict between jobs with DOT reasoning level three and plaintiff's limitation to simple interactions and tasks is appropriate per SSR 00-4p).

In light of the mandate in *Washington*, requiring an ALJ to identify and resolve an "apparent conflict", even if this conflict turns out to be not "real or true", the Court finds that as to all four jobs identified by the VE, the ALJ failed to comply with his "affirmative obligation" to investigate and resolve an apparent conflict. 906 F.3d at 1366. Therefore, the Court orders this case be remanded for further development of this issue.

**V.     Conclusion**

Accordingly, after consideration, it is hereby

ORDERED:

1.    The decision of the Commissioner is REVERSED and REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative proceedings consistent with this Order.

2.    The Clerk is directed to enter final judgment in favor of the Plaintiff and close the case.

ORDERED in Tampa, Florida, on February 5, 2020.


_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE